UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS G. COPELAND,<br><br>Plaintiff,<br><br>v.<br><br>SAN BENITO COUNTY CORRECTIONS BUREAU FACILITY STAFF AND MEDICAL STAFF,<br><br>Defendant. | Case No. 24-cv-05228-HSG<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff is currently in the custody of the San Benito County Corrections Bureau, and has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against San Benito County Corrections Bureau "facility staff" and "medical staff." His complaint (Dkt. No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1  claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not
2  necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the
3  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
4  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
5  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
6  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
7  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
9  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
10  the alleged violation was committed by a person acting under the color of state law. *See West v.*
11  *Atkins*, 487 U.S. 42, 48 (1988).

**B.  Complaint**

The complaint names as defendants San Benito County Corrections Bureau facility staff and medical staff. Dkt. No. 1 at 2. The complaint alleges as follows. Prior to entering the custody of the San Benito County Corrections Bureau, Plaintiff had several spine surgeries to replace five vertebrae and to install a cage with six screws, cables, and spacers; and a surgery to remove defective hardware and reinstall on the front of his spine. On May 10, 2024, after entering the custody of the San Benito County Corrections Bureau, Plaintiff slipped on garbage and fell down seventeen steps, causing severe damage to his head, neck, and back. After returning from the emergency room, Plaintiff was thrown on a dirty floor. This happened again several days later after he collapsed again, even though he was twenty feet from the two-bed infirmary. Plaintiff is constantly singled out and punished for begging for help. Since the fall, Plaintiff has had blurry vision in his left eye and gets dizzy and disoriented. Plaintiff's physical pain is dismissed by medical and facility staff. Plaintiff now has to take psych medication to lessen his mental trauma and distress. The complaint requests the following relief: that Plaintiff be released from custody, either pursuant to a compassionate release, medical O.R., reinstatement of bond, or house arrest, so that he can access doctors, medication, family care, and actual compassion. *See generally* Dkt. No. 1.

The Court DISMISSES the complaint with leave to amend for the following reasons.

First, Plaintiff does not identify any federal law or federal constitution provision that was violated. It appears that Plaintiff may be attempting to allege an Eighth Amendment claim. The Eighth Amendment's proscription against cruel and unusual punishment prohibits correctional officials from being deliberately indifferent to a prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). However, the conclusory statement that Plaintiff's physical pain has been dismissed is insufficient to state an Eighth Amendment violation because it is unclear what medical treatment was needed and not provided. As explained above, although Fed. R. Civ. P. 8 does not require detailed factual allegations, the complaint must provide more than a conclusory accusation that the plaintiff was harmed by the defendant. *Ashcroft*, 556 U.S. at 677–78. The allegation that San Benito Corrections Bureau medical staff and facility staff "dismissed [Plaintiff's] physical pain" is insufficient to state a cognizable Eighth Amendment claim.

Second, the complaint fails to identify the specific individuals that denied Plaintiff medical care. Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In preparing an amended complaint, Plaintiff must identify by name the individual facility staff members or medical staff members who allegedly denied him medical care.

Because it appears that Plaintiff may be able to correct the above deficiencies, the Court grants Plaintiff leave to file an amended complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts). In setting forth his legal claims in the amended complaint, Plaintiff should list the alleged constitutional provision or federal law violated; identify by name the individual who committed the alleged constitutional or federal law violation; and specify what the

1   individual did, or did not do, that was either unlawful or unconstitutional, i.e., specify what
2   medical care was needed or requested and not provided.  While Rule 8 does not require detailed
3   factual allegations, Plaintiff should not refer to defendants as a group and should not rely on a
4   general allegation of denial of medical care.

### C. Letters to the Court (Dkt. Nos. 4, 7, 8, 9, 10)

Since commencing this action, Plaintiff has filed five letters with this Court, Dkt. Nos. 4, 7, 8, 9, 10, reporting on additional instances of mistreatment he has suffered (unsafe housing conditions, retaliation, mail tampering) or reporting events or discoveries that he believes support his claims.  Plaintiff's letters serve no legal purpose and will not be considered by the Court for the following reasons.

First, Plaintiff must present all his claims in his complaint.  The Court will not piece together claims from different documents.  In other words, after filing a complaint, Plaintiff may not raise additional claims by filing letters with the courts.  Instead, he should file an amended complaint that raise all his claims for relief.  However, Plaintiff should keep in mind the joinder rule set forth in Fed R. Civ. P. 20, which provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Therefore while "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  In his amended complaint, Plaintiff should only bring claims that arise out of the same occurrence or series of occurrences and involve a question of law or fact common to all the defendants.  If Plaintiff believes that there have been other occurrences where his constitutional rights have been violated, he must file a separate lawsuit to seek relief for the violation(s) arising out of the other occurrences.

Second, the court is not a depository for Plaintiff's prematurely filed evidence.  To the extent Plaintiff has collected evidence that he believes supports his claims, the appropriate time to present evidence is when filing or opposing a dispositive motion.  Evidence filed prematurely with

4

the Court has no legal effect and will not be considered. Any premature filings of evidence will be disregarded by the Court.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. 24-05228 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 10/17/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

5